UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDUSTRIAL CARRIERS INC.,

    Plaintiff,

- against -

AL-NASR CO. FOR COKE & CHEMICALS,
A.K.A. AL-NASR COMPANY,

    Defendant.
------------------------------------------------------------X

JUDGE LYNCH

08 CV 2845

08 CV _____
ECF CASE

MAR 1 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

The Plaintiff, INDUSTRIAL CARRIERS INC. (hereinafter "Plaintiff"), by its attorneys, Tisdale Law Offices, LLC, as and for its Verified Complaint against the Defendant, AL-NASR CO. FOR COKE & CHEMICALS, A.K.A. AL-NASR COMPANY (hereinafter "Al-Nasr" or "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Odessa, Ukraine.

3. Upon information and belief, at all material times, Defendant Al-Nasr was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Cairo, Egypt.

4. By a charter party dated November 23, 2007, Plaintiff, disponent owner, chartered the motor vessel "ATLANTIC PRIDE" (hereinafter the "Vessel") to the Defendant Al-Nasr, as

–1–

charterer, for the carriage of a cargo of coal from "one (1) safe berth / one (1) safe port Norfolk – United States of America" to "one (1) safe berth / one (1) safe port El-Dekheila, Egypt."

5. Certain disputes arose between the parties regarding Defendant Al-Nasr's failure to pay demurrage and to reimburse Plaintiff for its overage premium, both of which are due and owing to the Plaintiff in breach of the charter party contract.

6. Pursuant to clause 38 of the charter party, any balance due owners is payable within thirty (30) days of discharge.

7. Upon information and belief, the Vessel completed discharge on or about January 23, 2008.

8. Despite due demand, the Defendant has failed to pay the outstanding sums in breach of the charter party contract.

9. As a result of Al-Nasr's breach of the charter party contract, Plaintiff will suffer losses in the total principal sum of $145,475.38, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

10. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

11. In accordance with the charter party, the plaintiff will soon commence arbitration in London and appoint its arbitrator.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London proceedings pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in arbitration:

    A.    Principal claim:    $145,475.38

           Demurrage    $95,475.38

|   |   | Reimbursement of overage premium | $50,000.00 |
|---|---|---|---|
|   | B. | Estimated interest on the principal claim at 7.5% for three years | $36,475.38 |
|   | C. | Attorneys fees and arbitration costs: | $70,000.00 |
| Total: |   |   | **$251,839.98** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$251,839.98** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C.  That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: March 18, 2008
New York, New York

> The Plaintiff,
> INDUSTRIAL CARRIERS INC.,
>
> By: *[signature]*
> Lauren C. Davies (LD 1980)
> Thomas L. Tisdale (TT5263)
> TISDALE LAW OFFICES, LLC
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> (212) 354-0025 (Phone)
> (212) 869-0067 (Fax)
> ldavies@tisdale-law.com
> ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut  )
                      )   ss: SOUTHPORT
County of Fairfield   )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: March 18, 2008
       Southport, Connecticut

_____
Thomas L. Tisdale